### PAKRADOONI v. STOREY COTTON CO.

(Circuit Court, E. D. Pennsylvania. February 21, 1907.)

No. 10.

RECEIVERS—DIRECTION BY COURT—DISMISSAL OF SUIT.
   A court will not direct its receiver to dismiss an ejectment suit brought by him to recover property alleged to have been purchased with money of the estate, on petition of the defendant therein who holds the legal title, except on clear proof that the property was not so purchased.

On Rule to Show Cause.

V. Gilpin Robinson, for the rule.
I. J. Williams, opposed.

HOLLAND, District Judge. The properties referred to in this rule were purchased, one August 11th, and the other August 27, 1900, and the Storey Cotton Company was not incorporated until December 7th of the same year. An ejectment suit had been instituted for these properties in the court of common pleas No. 4 of Philadelphia county by the ancillary receiver. It is urged that neither of these properties could have been purchased by proceeds belonging to the Storey Cotton Company. However, the receiver swears in his statement in this suit that Annie F. Stone had no money or property of her own, and that no part of the consideration money was paid by

her, and "that she has no right or interest therein save as holder of the legal title for the benefit of the ancillary receiver."

At the argument counsel for the receiver offered to withdraw in case the petitioner satisfied the receiver that these properties were not purchased out of the moneys of the Storey Cotton Company, and, as the court is asked to direct the receiver to exclude these properties in the ejectment suit, we think the petitioner should establish this fact, as she claims such to be the case in her petition asking the court to make the order. It is a very easy matter for her to do so, and, upon the court being satisfied as to this fact, an order will be made directing the receiver to release these properties from the claim in the ejectment suit in the Philadelphia courts. For the present, the prayer of the petitioner is refused.